JjPER CURIAM.
In Ford v. Wainwright, 477 U.S. 399, 417, 106 S.Ct. 2595, 2606, 91 L.Ed.2d 355 (1986), the United States Supreme Court made clear that the Eighth Amendment to the United States Constitution precludes the states from executing “one whose mental illness prevents him from comprehending the penalty or its implications.” Shortly thereafter, this court followed suit, finding that the Louisiana Constitution, as well, bars the execution of one “who lacks the capacity to understand the death penalty.” State v. Perry, 502 So.2d 543, 563-4 (La.1986). Though the rule is clear— those who are mentally incompetent cannot be executed — neither the standard nor the means by which the mental competence of a death row inmate should be measured is not.
Faced with a similar situation following the United States Supreme Court’s decision in Atkins v. Virginia, 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002), which barred the execution of the mentally retarded, this court fashioned guidelines for an evidentiary hearing on mental retardation to be conducted in appropriate cases. State v. Williams, 2001-1650 (La.11/1/02), 831 So.2d 835; see also State v. Dunn, 2001-1635 (La.11/1/02), 831 So.2d 862. The legislature, during the next legislative session following the issuance of Williams and Dunn, passed a statute which provided a comprehensive procedure for evaluating an 12inmate’s mental retardation in the context of a death penalty case. La.Code Ceim. PROC. art. 905.5.1.
With the above in mind, we grant the appellee’s application for supervisory writs but withhold issuing any guidance until the legislature has had the opportunity to address the issue. If legislature fails in the upcoming legislative session to provide to the courts by statute a comprehensive method for determining a death row inmate’s mental competency, then this court will be forced to issue such guidelines.[1]

. A comprehensive statute would address the following non-exclusive matters: the definition of mental incompetence, the requirements for a contradictory hearing, the burden of persuasion, the standard of proof, the identity of the factfinder, the time for making a *745 claim of mental incompetence, the nature of the testimony and/or evidence required, the finality of a mental competence determination, and any procedure by which the state might periodically challenge the continuing validity of a determination of incompetence.