| .PER CURIAM.
In State ex rel. Bourque v. Cain, 03-0602 (La.1/30/04), 876 So.2d 744, this Court granted relator’s application to review one aspect of the judgment of the district court denying him post-conviction relief in this capital case. The court below declined to order a hearing on relator’s claim under Ford v. Wainwright, 477 U.S. 399, 106 S.Ct. 2595, 91 L.Ed.2d 355 (1986), that he is not competent to proceed to execution. The district court took the position that La.C.Cr.P. art. 930.3, which provides the grounds for post-conviction relief, does not encompass review of the conditions of confinement or penalty. In granting relator’s application, we noted that “[tjhough the rule is clear — those who are mentally incompetent cannot be executed — neither the standard nor the means by which the mental competence of a death row inmate should be measured is not.” Bourque, 03-0602 at 1, 876 So.2d at 744. We held relator’s granted writ in abeyance without issuing guidelines of our own “until the legislature has had the opportunity to address the issue” by providing “a comprehensive method for | ^determining a death row inmate’s mental competency.” Id., 03-0602 at 2, 876 So.2d at 744.
The legislature has responded by enacting R.S. 15:567.1, 2004 La. Acts 720, eff. August 15, 2004, which provides not only the statutory framework for determining an inmate’s competency to proceed to execution after the filing of a petition in the sentencing court but also the substantive standard governing that determination, i.e., whether the inmate “presently lacks the competence to understand that he is to *1238 be executed, and the reason he is to suffer that penalty.” La.R.S. 15:567.1(B) and (M). The statute further provides for the appointment of a competency commission to examine the death row inmate upon a finding by the district court that reasonable grounds exist to doubt the inmate’s mental competence to proceed to execution and for a contradictory hearing on the commission’s report to aid the court in determining whether the inmate possesses the requisite understanding of the circumstances that brought him to death row and of the likely outcome of the jury’s sentencing verdict. La.R.S. 15:567.1(L) and (M).
The comprehensive statutory program we envisioned in Bourque now exists and provides the needed context for addressing the Ford issue in the present case that the district court found lacking at the time it denied relator’s application for post-conviction relief in 2002. Although relator did not make a free-standing Ford claim in a separate petition, Claim IV of his original application for post-conviction relief fulfilled all of the requirements for a Ford petition imposed by La.R.S. 15:567.1. The application generally contained a full procedural history of relator’s case and in Claim IV specifically provided “a statement that clearly sets forth the alleged facts in support of the assertion that the defendant is | ¡¡incompetent,” La. R.S. 15:567.1(C)(4), attached several “affidavits, records, or other evidence” from mental health professions and family members and friends attesting to relator’s mental instability and supporting the statement of incompetency, La.R.S. 15:567.1(0(5), and further provided a discussion of “any previous proceedings in which defendant challenged his competency.” La.R.S. 15:567.1(0(6). The latter referred to the outcome of proceedings in 1997 in which relator was found to lack the competency to waive his right to appeal his conviction of first degree murder and sentence of death. See State ex rel. Bourque v. State, 96-2752 (La.3/7/00), 760 So.2d 308.
Because relator properly filed in the sentencing court the functional equivalent of a separate petition and supporting documentary evidence raising the question of his competence to proceed to execution, we vacate the judgment below insofar as it denied relator a hearing on Claim IV of his original application for post-conviction relief and remand this case to the district court for a determination of whether reasonable grounds exist for doubting relator’s competence to proceed to execution and for all further proceedings the court deems necessary and appropriate in light of the statutory framework established by La.R.S. 15:567.1 for resolving such claims. In all other respects, the judgment of the district court denying relator post-conviction relief is affirmed.
JUDGMENT VACATED IN PART; CASE REMANDED.